

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00081-CR
_____

RONNIE EUGENE SANDERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 154th District Court
Lamb County, Texas
Trial Court No. DCR-5890-19, Honorable Felix Klein, Presiding

January 6, 2022

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

In February 2016, Appellant was adjudicated a sexually violent predator[1] and civilly committed to the Texas Civil Commitment Office for treatment and supervision.[2] Appellant's order of civil commitment, among other things, required Appellant submit to tracking and "not tamper with, alter, modify, obstruct or manipulate the GPS monitor[.]"

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 841.003.

[2] TEX. HEALTH & SAFETY CODE ANN. § 841.0831.

An indictment issued May 15, 2019, alleged Appellant violated a civil commitment requirement by "tampering, altering, modifying, obstructing and manipulating the tracking equipment he was ordered to submit to." Appellant pleaded *nolo contendere* to the charge, a third degree felony[3] and not true to two enhancement paragraphs. At the unitary hearing, the State presented evidence of Appellant's guilt and two prior final felony convictions.[4] Following the close of evidence, the trial court found Appellant guilty of the charged offense and the enhancement paragraphs true. It assessed Appellant's punishment at twenty-five years' confinement in prison. This appeal followed.

Appellant's counsel on appeal has filed a motion to withdraw supported by an *Anders*[5] brief. Counsel has certified that he conducted a conscientious examination of the record and, in his opinion, the record demonstrates no reversible error on which to predicate an appeal. *Anders,* 386 U.S. at 744; *In re Schulman,* 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to Appellant, counsel notified Appellant of his motion to withdraw; provided him a copy of the motion and *Anders* brief; provided him a copy of the appellate record; provided notice of his right to file a petition for discretionary review with the Texas Court of Criminal Appeals; and provided notice of his right to file a pro se response. *See Kelly v. State,* 436 S.W.3d 313, 319-20

---

[3] TEX. HEALTH & SAFETY CODE ANN. §§ 841.082 (commitment requirements), 841.085 (criminal penalty).

[4] TEX. PENAL CODE ANN. § 12.42(d). A finding of true to both convictions would enhance the sentencing range to confinement for life, or for any term of not more than 99 years or less than 25 years.

[5] *See Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

(Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief.

Appellant filed a pro se response and therein identifies grounds for appeal that he argues are meritorious: entitlement to a change of venue; ineffective assistance of counsel (trial and appellate); failure to make trial accommodation for his hearing impairment; and a disproportionate sentence. We have considered the record in light of these complaints and find; however, they were either not preserved in the trial court or are not shown by the record on direct appeal. Appellant concedes in his response that he removed his leg monitor on "3/21/20 around 11 pm" but was not told that a conviction might result in a twenty-five-year period of confinement.

We have also independently examined the record to determine whether there are any non-frivolous issues which might support an appeal and have found none. *See Penson v. Ohio,* 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman,* 252 S.W.3d at 409; *Gainous v. State,* 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our review of the appellate record, counsel's brief, and Appellant's pro se response we conclude there are no plausible grounds for reversal.

In his *Anders* brief, counsel points to a correctable defect in the judgment. The indictment alleged Appellant violated "a civil commitment requirement under Section 841.082, Health and Safety Code, to-wit: by tampering, altering, modifying, obstructing and manipulating the tracking equipment he was ordered to submit to[.]" The judgment recited "Statute for Offense: 841.082." Under Health and Safety Code section

3

841.082(a)(4)(A), a person subject to tracking is required to "refrain from tampering with, altering, modifying, obstructing, removing, or manipulating the tracking equipment[.]" TEX. HEALTH & SAFETY CODE ANN. § 841.082(a)(4)(B). Violating this prohibition is criminalized in section 841.085(a).

A judgment may be corrected by a court of appeals if the trial court could have done so nunc pro tunc. *See, e.g., Stockstill v. State,* No. 07-19-00414-CR, 2020 Tex. App. LEXIS 5185, at *3 (Tex. App.—Amarillo July 13, 2020, no pet.) (mem. op., not designated for publication). We therefore modify the judgment in the present matter so that it provides, "Statute for Offense: 841.082 *and 841.085*."

We grant counsel's motion to withdraw. The judgment of the trial court, as modified, is affirmed.[6]

Lawrence M. Doss
Justice

Do not publish.

---

[6] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman,* 252 S.W.3d at 411 n.33.